### COUNTY OF CLAY v. OLE L. OLSON and Others.[1]

November 21, 1913.

Nos. 18,347—(119).

**County ditch — bond to pay preliminary costs.**

Action to recover on a bond executed under Laws 1909, c. 469, § 2, conditioned to pay all expenses of a proposed ditch proceeding in case the county board or the court on appeal should fail to establish the ditch. It is *held:*

(1) It having been established that the engineer took the oath, acted as such engineer in the ditch proceedings, and that his compensation and expenses were paid by the county, it will be presumed in the absence of evidence that he gave the bond required by law.

(2) Under Laws 1909, c. 469, § 12, providing that the county auditor shall be allowed and paid such reasonable compensation as shall be fixed

[1] Reported in 143 N. W. 970.

by the county board, it is not necessary that the amount of such compensation be fixed before the auditor does his work, or at any particular time. The bill of the auditor for compensation having been presented for approval to the county board, and having been approved by such board, such action amounted to fixing his compensation at the amount of the bill approved, and entitled him to be paid such amount.

(3) Conceding that, as against the bondsmen, the question of the reasonableness of the auditor's compensation was an open one on the trial, there was no error in directing a verdict on this issue, as there was no conflict in the evidence, and as each party requested a directed verdict, and there was no request by defendants to have this issue submitted.

Action in the district court for Clay county to recover $446.02 from defendant Olson and the sureties upon his bond to secure the payment of preliminary costs and expenses in proceedings to establish a public ditch known as County Ditch No. 29. The case was tried before Taylor, J., who directed a verdict for the amount demanded, less two items amounting to $34.04, in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Charles S. Marden* and *Curtis H. Pomeroy,* for appellants.
*Christian G. Dosland,* for respondent.

BUNN,. J.

This action was to recover on a bond given by defendant Olson as principal and the other defendants as sureties, to secure the payment of the preliminary expenses connected with the establishment of a proposed ditch in Clay county, in case the county board, or the court on an appeal, should refuse to establish the ditch. Laws 1909, p. 566, c. 469, § 2.[1] The giving of the bond was admitted, and it is not disputed that the county board refused to establish the ditch. The defendants claimed that the engineer in his preliminary work surveyed and attempted to establish a larger and more expensive ditch than was necessary, materially departed from the course of the petition, and that the expenses incurred and paid by the county for the preliminary work were ."unnecessary, excessive and exorbitant," and "not worth to exceed $200." The complaint alleged that these ex-

[1] [See G. S. 1913, § 5525]

penses amounted to $446.02, and sought to recover that sum of the defendants.

The issues were tried to a jury. At the close of the evidence the court directed a verdict for plaintiff for the amount claimed, less the amount of expenses for the preliminary work on two branch ditches that were without the scope of the petition. A motion for a new trial was denied, and defendants appealed from the order.

Of the expenses included in the verdict directed by the court, the sum of $145.60 represented the amount paid by the county to the engineer and his employees. Defendants contend that they are not liable for these expenses or at least for those parts of the payments made as the compensation of the engineer himself, because there was no evidence that the engineer had given the bond required by Laws 1905, p. 306, c. 230, § 4. The resolution appointing the engineer, and his oath, were received in evidence without objection, and it appeared conclusively that he had acted as engineer in the ditch proceedings and had been paid by the county for his service. The point was not made on the trial. Under these circumstances the presumption is that the engineer was rightfully acting as engineer, and this means that he had complied with the law by giving a bond, as the statute requires the bond to be given before the engineer enters upon his duties. We hold that it was not necessary for plaintiff to prove that the bond was given.

The next and last contention of defendant is that the sum of $60.74 paid to the county auditor as his compensation was improperly included in the verdict, or at least that the question of the reasonable value of the auditor's services should have been submitted to the jury. The compensation of the auditor was by a resolution of the board adopted January 3, 1906, fixed at one per cent of the estimated cost of all ditches to be constructed. At the time this resolution was adopted section 45, chapter 230, page 336, Laws 1905, was in force. This law authorized the county board to pay the auditor a reasonable compensation. This section was amended by section 5, c. 367, p. 516, Laws 1907, and no provision was made for any compensation to the county auditor. The section was again amended by Laws 1909, p. 579, c. 469, § 12,[1] which provides that the auditor shall be allowed

[1][See G. S. 1913, § 5571]

and paid such reasonable compensation as shall be fixed by the county board. The present ditch proceedings were begun in 1910, and the bond sued upon given in March of that year. The board did not again, prior to auditing the bill of the auditor, fix his compensation.

It may be conceded that the resolution of January 3, 1906, fixing the auditor's compensation for his services in future ditch proceedings, ceased to be in force when the law under which it was passed was repealed, as it was by the amendment of 1907. If this is so, it would follow that it was necessary, to entitle the auditor to be paid his compensation that the amount thereof be fixed by the board by a new resolution. But there is nothing in the statute which makes it necessary that the amount of the auditor's compensation be fixed before his work is done, or at any particular time. It sufficiently appears that the auditor's bill for his services, as well as the other bills for the expenses of the proceedings, was presented to the county board for approval, and approved. This, in our opinion, was fixing the compensation of the auditor and entitled him to be paid the sum so fixed.

Defendants' main contention in regard to this item seems to be that the reasonableness of the bill should have been submitted to the jury, not that they are not liable for reasonable compensation paid to the auditor. In addition to what has already been said, and conceding the question of reasonableness to be an open one on the trial, there was no error in directing a verdict for this item. There was no conflict in the evidence, and each party requested a directed verdict. It was practically conceded that there was no question for a jury. Under these circumstances, not having asked to have this question submitted to the jury, defendants cannot now complain because it was not submitted.

Order affirmed.